911 F.2d 733
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit
Gorden W. SEE, Plaintiff-Appellant,
v.
James COLLINS, Department of Corrections, Defendants-Appellees.
 Nos. 89-6568, 90-5042.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1990.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Gorden W. See filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 against James Collins and the Department of Corrections for the State of Kentucky. See sought $20,000 in damages, complaining that the defendant Collins, as activity therapist for the correctional complex in which See is incarcerated, permitted See to take a crochet hook to his cell, subsequently resulting in a charge against See for unauthorized possession of contraband. See alleged that this charge and the related written investigative report caused him to lose his prison job, notwithstanding specific written authorization by the defendant Collins to possess the item in question. On appeal, See also alleges that the unfavorable report negated his record of good conduct at the facility, thereby depriving him of good time credit as a prisoner.
 
 
 4
 Upon review, we conclude that the complaint was properly dismissed as frivolous, as it has no arguable basis in law. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). The district court properly found that the plaintiff's allegation that he lost his prison job as a result of the incident in question did not establish a right to relief under Sec. 1983 because prison employment is not a property or liberty interest entitled to constitutional protection. Newsome v. Norris, 888 F.2d 371, 374 (6th Cir.1989); Garza v. Miller, 688 F.2d 480 (7th Cir.1982), cert. denied, 459 U.S. 1150 (1983).
 
 
 5
 On appeal, the plaintiff alleges loss of good time credit, which loss generally requires that certain procedures be afforded a prisoner under the due process clause before punishment may be imposed. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). However, See did not allege this particular deprivation in his complaint before the district court, and this court has no jurisdiction to address this issue for the first time on appeal. Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988).
 
 
 6
 Moreover, this suit seeking only monetary damages against the Department of Corrections is barred as this defendant is not a "person" within the meaning of Sec. 1983. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2312 (1989). The defendant Collins was acting entirely within the bounds of his official capacity and was not named in his individual capacity in See's complaint and is, therefore, also not subject to damages in this Sec. 1983 action. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation