918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Antar Melzone BANTU, Plaintiff-Appellant,
v.
Linda COLEMAN, R. Finch, Defendants-Appellees.
 No. 89-2296.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1990.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Antar Melzone Bantu, a pro se Michigan prisoner, appeals the district court's judgment for the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bantu, a leader of a Melanic religious group, filed this action while he was incarcerated at the Western Wayne Correctional Facility. Seeking monetary relief, Bantu sued two state corrections officials alleging that they conspired to bring two false misconduct charges against him in order to deprive him of his first amendment right to freedom of religion. Bantu was later exonerated of both misconduct charges. Bantu did not specify the capacity in which the defendants were sued. A bench trial was ultimately held whereby the district court made findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a), and entered judgment in favor of the defendants. The district court found no evidence of a conspiracy because the two misconduct charges were independently generated. The court also found that rejection of the misconduct charges by the hearing officer was insufficient to establish a conspiracy because the hearing officer was entitled to make that credibility determination.
 
 
 4
 On appeal, Bantu moves for the appointment of counsel and basically challenges the district court's factual findings. The defendants have moved to dismiss the appeal as frivolous. This court granted Bantu a free transcript on May 14, 1990.
 
 
 5
 Upon review, we conclude the district court properly entered judgment for the defendants. Its findings of fact are not clearly erroneous. See Fed.R.Civ.P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 6
 Furthermore, Bantu did not plead the capacity in which the defendants were sued as he was required to do. See Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Under these circumstances, the defendants are not subject to suit for monetary damages under 42 U.S.C. Sec. 1983 for actions presumably taken in their official capacity. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 7
 Accordingly, the motion for appointment of counsel and the motion to dismiss are denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation