920 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael BASS, Plaintiff-Appellant,
v.
Jeff W. REYNOLDS, Commissioner, Jane Doe, in her official
capacity employed at Tennessee Department of Corrections,
John Doe, in his official capacity employed at Tennessee
Department of Corrections, Defendants-Appellees.
 No. 90-5640.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Michael Bass appeals the district court's order dismissing his 42 U.S.C. Sec. 1983 civil rights complaint. Bass sued the commissioner and two prison officials at the Tennessee Department of Corrections. He claimed that the defendants unconstitutionally extended his release eligibility date as a consequence of his escape from prison. He requested damages and injunctive relief.
 
 
 3
 The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).
 
 
 4
 On appeal, Bass argues that the district court incorrectly determined that his case should be treated as a petition for habeas corpus relief. He argues that it would be appropriate for a Sec. 1983 action to proceed simultaneously with his pending state habeas corpus action as he seeks relief other than an earlier release date.
 
 
 5
 Upon consideration, we conclude that the district court correctly dismissed the complaint pursuant to 28 U.S.C. Sec. 1915(d). Furthermore, to the extent that Bass seeks damages, this suit was properly dismissed. State officials are not subject to damages when sued in their official capacities. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989). Even pro se plaintiffs must specify that they are suing state officials in their individual capacities in order to avoid dismissal on this ground. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989).
 
 
 6
 Accordingly, for the reasons set forth in the district court's order entered April 17, 1990, and herein, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.