936 F.2d 572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley BOSWELL, Plaintiff-Appellant,
v.
Ray TOOMBS, Beverly Williams, Dana Hartman, Defendants-Appellees.
 No. 91-1198.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1991.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Stanley Boswell, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Boswell sued the warden and two mailroom employees at the Ionia Maximum Correctional Facility alleging that on occasion his legal mail was not opened in front of him, and that some of his personal mail was delivered to him torn. Boswell did not specify the capacity in which the defendants were sued. Defendants filed a motion for summary judgment and Boswell responded. The district court granted defendants' motion and dismissed the complaint, finding that the eleventh amendment barred a suit against state officials for actions taken in their official capacity. Alternatively, the court found that Boswell had not alleged that the named defendants were personally involved in the alleged deprivation.
 
 
 3
 On appeal, Boswell requests the appointment of counsel, and he requests that this court grant him relief for fourteen days loss of privileges on a charge that was ultimately overturned by the prison administration on appeal. Boswell does not explain how this incident is related to the instant proceeding.
 
 
 4
 Upon review, we affirm the district court's judgment for the reasons stated in the court's opinion dated January 4, 1991. Boswell failed to plead the capacity in which he sued the defendants as he is affirmatively required to do. See Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Therefore, because Boswell only sought monetary damages from the defendants, they are not subject to suit under Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).
 
 
 5
 Accordingly, the request for miscellaneous relief is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.