891 F.2d 591
 David R. WELLS and Donald Hall, Plaintiffs-Appellants,
v.
Robert BROWN, Jr., Donald E. Houseworth, Robert Redman, S.L.
Burt, John Whelan, Herbert B. Grinage, J.
Angstman, C. Blackburn, and Larry Barr,
Defendants-Appellees.
 No. 88-2161.
 United States Court of Appeals,
Sixth Circuit.
 Argued Sept. 26, 1989.
Decided Dec. 12, 1989.
Rehearing Denied Jan. 19, 1990.
 
 Mary Ann Waterman (argued), Detroit, Mich., for plaintiffs-appellants.
 Edgar L. Church, Jr., Asst. Atty. Gen., Jann Ryan Baugh, Asst. Atty. Gen., Dept. of the Atty. Gen., Corrections Div., David M. Gadaleto (argued), Office of the Atty. Gen. of Michigan, Lansing, Mich., for defendants-appellees.
 Before MERRITT, Chief Judge, RYAN, Circuit Judge, and BROWN, Senior Circuit Judge.
 MERRITT, Chief Judge.
 
 
 1
 In this § 1983 (pro se ) prisoner action for compensatory and punitive damages, Michigan prisoners Wells and Hall ("plaintiffs") appeal the District Court's order entering summary judgment in favor of nine state corrections officials. Plaintiffs contend they were denied due process arising out of their transfer from Lakeland Correctional Facility ("Lakeland") to the State Prison of Southern Michigan ("Southern"). The case raises the questions of whether the defendants violated the Due Process Clause in failing to give plaintiffs a timely hearing before placing them in solitary confinement and whether the defendants lost their "qualified immunity" from damages by violating "clearly established" rights protected by the Due Process Clause.
 
 
 2
 The Supreme Court's recent decision in Will v. Michigan Department of State Police, --- U.S. ----, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (state officials sued in official capacity for damages are absolutely immune from liability under the Eleventh Amendment), however, makes it unnecessary for us to reach the merits of plaintiffs' claim. We adopt the Eighth Circuit's interpretation of Will, which requires that plaintiffs seeking damages under § 1983 set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials. See Nix v. Norman, 879 F.2d 429 (8th Cir.1989).[1] Plaintiffs' complaint does not meet this test, and we therefore dismiss the appeal for lack of subject matter jurisdiction.
 
 
 3
 * * *
 
 
 4
 While plaintiffs were serving sentences at Lakeland, a confidential informant told officials that plaintiffs were planning an escape. In response, officials transferred plaintiffs to Southern and increased their security classification, which resulted in tighter surveillance and curtailment of plaintiffs' out-of-cell activities. Upon transfer, officials placed plaintiffs in solitary confinement for several days before removing them to a less stringent security classification. Thirty-six days after their transfer and twenty-eight days after their removal from solitary confinement, plaintiffs received a hearing which they challenged not only for being late but also for falling short of the procedures guaranteed by Michigan prison regulations.
 
 
 5
 Michigan prison regulations appear to provide such prisoners with the right to a hearing within a much shorter period of time after being reclassified or placed in solitary. Michigan Prison Rule 405, Mich.Admin.Code r. 791.4405 (1979), provides that solitary confinement "may be imposed only when," among other reasons, a prisoner "is a serious escape threat." The rule requires the opportunity for an evidentiary hearing within "4 weekdays" of placement in solitary confinement. The record indicates that the defendants violated Rule 405. In granting summary judgment for defendants, the District Court held that the corrections officials' violations of Michigan procedural due process did not raise claims of constitutional magnitude. From that order plaintiffs appeal.
 
 
 6
 We must first reach the issue of absolute immunity of state officials who are sued in their official capacity, an issue recently decided in Will v. Michigan Department of State Police, supra. We are required to decide this issue before we decide the merits. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1984) (Eleventh Amendment provides "an immunity from suit rather than a mere defense to liability; and ... it is effectively lost if a case is erroneously permitted to go to trial").
 
 
 7
 Plaintiffs' complaint charged nine corrections officials with violating state-created liberty interests which are protected under the Due Process Clause. Their complaint, however, characterized each official's conduct in terms of their official capacity. Named in the suit as party defendants are Robert Brown, "Director of the Michigan Department of Corrections" "in his official capacity," Dr. Donald E. Houseworth, "Deputy Director in Charge of Operations," Robert Redman, "Warden and titular head of [Lakeland]," S.L. Burt, "Deputy Warden of [Lakeland]," John Whelan, "Deputy Warden of [Southern]," Herbert Grinage, "Assistant Deputy Warden in Charge of Housing at [Southern]," J. Angstman, "Resident Unit Manager," C. Blackburn, "Assistant Resident Unit Manager," and Larry Barr (same). The passing reference to these corrections officials' "personal involvement in this complaint" asserts that they knew of and participated in certain events but does not convert this lawsuit from a suit against the defendants' offices to one that sufficiently alerts these officials that they may be personally accountable for any damages liability that may flow from plaintiffs' due process claim.
 
 
 8
 As the Eighth Circuit has stated, the face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees. See Nix, 879 F.2d at 431 (individual-capacity suits must be clear enough to notify defendant of the personal nature of the suit). Although modern pleading is less rigid than in an earlier day, see Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957), we have not let down all pleading barriers. It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually. Brandon v. Holt, 469 U.S. 464, 474, 105 S.Ct. 873, 879, 83 L.Ed.2d 878 (1985) (Burger, C.J., concurring in the judgment).
 
 
 9
 Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the grounds for jurisdiction and relief. Although Rule 8 has liberalized pleading, it should not be read to alter the jurisdiction of federal courts. Read together with the jurisdictional limits of Rule 9(a), even liberalized pleading under Rule 8(a) cannot confer jurisdiction on this Court to entertain suits against states and state officials when the Eleventh Amendment bars us from doing so. Rule 9(a) provides in pertinent part:
 
 
 10
 (a) Capacity. It is not necessary to aver the capacity of the party to sue or to be sued ... except to the extent required to show the jurisdiction of the court. (emphasis added).
 
 
 11
 Accordingly, because the Eleventh Amendment places a jurisdictional limit on federal courts in civil rights cases against states and state employees, we understand Rule 9(a) to require plaintiffs to properly allege capacity in their complaint. See Nix, 879 F.2d at 431 (citing Rose v. Nebraska, 748 F.2d 1258, 1262 (8th Cir.1984), cert. denied, 474 U.S. 1014, 106 S.Ct. 547, 88 L.Ed.2d 476 (1985)); cf. C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1293, at 392 (1969) (in actions against the United States, plaintiffs must plead facts showing their right to sue the sovereign).
 
 
 12
 Our requirement that § 1983 plaintiffs meet certain pleading standards in order to invoke federal jurisdiction arises from the particular requirements of the immunity doctrine. In Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the Supreme Court predicted that qualified immunity would "permit the resolution of many insubstantial claims on summary judgment." Consistent with its desire to shield public officials from diverting their energies through the forced defense of challenges to their actions taken in their governmental capacities, the Court held that until resolution of the threshold question of immunity, "discovery should not be allowed." Id. Under Harlow, therefore, those entitled to immunity should be granted that immunity at the earliest possible stage of the case.
 
 
 13
 This principle is reinforced by the fact that in recent years an increasingly large number of frivolous cases have been filed in federal court--both by lawyers and pro se. Many of these suits waste the time of public officials, lawyers and the courts. Minimum pleading requirements are needed, even for pro se plaintiffs, whose lawsuits now comprise more than 1000 or almost 25% of the appeals filed in this Court. It is certainly reasonable to ask that all plaintiffs, even pro se plaintiffs, some of whom file several appeals each year with us, alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted. See Clark v. National Travelers Life Ins. Co., 518 F.2d 1167 (6th Cir.1975).
 
 
 14
 Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521, 92 S.Ct. at 596 (holding petitioner to standards of Conley v. Gibson ); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F.Supp. 237 (D.D.C.1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D.Md.1981) (even pro se litigants must meet some minimum standards).
 
 
 15
 For the foregoing reasons we find that the action against defendants in their official capacity, as stated here, is not a suit against "persons" subject to suit under § 1983. See Will, 109 S.Ct. at 2311-12 (although officials literally are persons, an official-capacity suit is a suit against the officials' office and thus against the state itself) (citing Brandon, 469 U.S. at 471, 105 S.Ct. at 877).
 
 
 16
 Accordingly, the appeal is dismissed.
 
 
 
 [1]
 This Circuit also has held in an analogous situation that in § 1983 damage suits for deprivation of liberty without procedural due process, the plaintiff has the burden of pleading and proving the inadequacy of state damage remedies to redress the claimed wrong. See Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985) (en banc); Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983). Plaintiffs have not so plead or offered proof of this sort here or in the District Court