**Fingal E. JOHNSON, Plaintiff,**

v.

**Chris DANIELS and G.B. Brown, Defendants.**

**No. 88–74625.**

United States District Court, E.D. Michigan, S.D.

Aug. 13, 1991.

---

Fingal E. Johnson, pro per.

Frank J. Kelley Atty. Gen. by Linda M. Olivieri Asst. Atty. Gen., Corrections Div., Lansing, Mich., for defendants Chris Daniels and G.B. Brown.

## ORDER ACCEPTING MAGISTRATE'S 17 JULY 1991 REPORT AND RECOMMENDATION IN PART AND REJECTING IT IN PART

GADOLA, District Judge.

### INTRODUCTION AND BACKGROUND

Plaintiff, an African–American, claims that he was denied access to certain magazines because of his race and the race of the nude women depicted in the photographs contained in the magazines. He further claims that white inmates were given access to the same magazines.

#### A. Procedural History

In his initial complaint, plaintiff alleged four causes of action. In a report and recommendation dated 17 May 1989, United States Magistrate Judge Thomas Carlson recommended that the entire case be dismissed. The recommendation was adopted in full by this court. However, a panel of the United States Court of Appeals for the Sixth Circuit reversed the court's decision in an unpublished opinion. *Johnson v. Daniels*, 909 F.2d 1483 (1990). In that decision, the court determined that a genuine issue of material fact existed with respect to plaintiff's equal protection claim. The court directed, however, that on remand, this court examine the issue of whether these defendants were subject to a suit for money damages under the Eleventh Amendment and alternatively, whether the defendants were entitled to qualified immunity.

Both parties subsequently filed motions for summary judgment. Plaintiff filed his motion for summary judgment on 5 October 1990 and defendants responded on 7 December 1991. Defendants filed their motion for summary judgment on 3 December 1990. Plaintiff did not respond to this motion. Because the magistrate recom-

mended that defendants' motion for summary judgment be granted, he did not deal with plaintiff's motion for summary judgment. Plaintiff's motion for summary judgment is/will be the subject of a separate order by the court.

### B. The Defendants' Motion for Summary Judgment

In their motion for summary judgment, the defendants have addressed the two issues outlined by the court of appeals. They assert that this claim is barred by the Eleventh Amendment. Defendant Brown claims that since he is named as a defendant only in his official capacity, the action is in essence a suit against the state and therefore barred under *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2311–12, 105 L.Ed.2d 45 (1989) and *Wells v. Brown*, 891 F.2d 591 (6th Cir.1989). Daniels claims that since he was at all times acting in his official capacity as a deputy warden, the action is, in reality, against him in his official capacity and barred by the Eleventh Amendment. Alternatively, both defendants also claim that they are entitled to qualified immunity from suit.

### C. The Magistrate's Report and Recommendation

The magistrate reluctantly recommended that summary judgment be granted in favor of both defendants. The magistrate's report is an extensive and scholarly analysis of the impact of *Rice v. Ohio Dept. of Transportation*, 887 F.2d 716 (6th Cir. 1989). The magistrate concludes that the effect of *Rice* is to "preclude virtually any § 1983 claim against a state official—sued either in his official or individual capacity." Report and recommendation at 12. Accordingly, the magistrate concluded that both defendants escape liability under the authority of *Rice*. Having reviewed the pleadings, the magistrate's report and recommendation and being otherwise familiar in the premises, the court accepts the magistrate's report and recommendation in part and rejects it in part.

### ANALYSIS

### A. The Claim Against Defendant Brown in His Individual Capacity

The claim against Brown is that he selectively enforced prison regulations pertaining to erotic photographs. It is further alleged that his actions were motivated by racial animus. Essentially, the claim is that Brown would not allow black inmates to have nude pictures of white women. It is alleged that Brown allowed black inmates to have nude pictures of black women and white inmates to have nude pictures of white women.

#### i. Sufficiency of the Pleading

Brown claims that he should be granted summary judgment because he was sued only in his official capacity. This court does not agree that it is entirely clear that Brown was sued only in his official capacity. The caption of the complaint does not list the capacity in which Brown is being sued. Brown claims that paragraph two (2) of the complaint makes it clear that he is sued only in his official capacity. The court does not agree.

Paragraph two (2) of the complaint reads as follows: "Defendant G.B. Brown is the supervisor of the mail room at the above mentioned facility and in his official capacity, acts under color of law." This sentence, drafted by a *pro se* plaintiff, is at best ambiguous. The intended meaning of the last phrase is most likely that when G.B. Brown is acting in his official capacity, he is acting under color of law. It is clear, however, that the phrase does not mean that G.B. Brown is being sued only in his official capacity. If plaintiff had wanted to convey such a meaning, he clearly knew how. For example, in paragraph one (1) of the complaint, plaintiff states, with respect to defendant Daniels, that "these charges are against his individual and official capacity." Accordingly, the court holds that paragraph two (2) of the complaint does not mean that defendant Brown is being sued only in his official capacity.

Having reviewed the complaint in its entirety, the court holds that the complaint

puts G.B. Brown on notice that he is being sued in his individual capacity. The complaint clearly alleges that defendant Brown acted with racial animus in selectively enforcing the prison regulations regarding erotic photographs. Such selective enforcement of prison regulations, especially when motivated by racial animus, could only be accomplished by defendant Brown acting in his individual capacity. Nothing about his official duties relates to selective enforcement of prison regulations, especially when such selective enforcement is based on racial animus. Accordingly, the court holds that the complaint is sufficient to put defendant Brown on notice that he is being sued in his individual capacity.

#### ii. Amendment and Relation Back

■ To resolve any doubt and in the interest of clarity, the court grants plaintiff leave to amend the caption of his complaint to read, "G.B. Brown, in his individual capacity." Further, the court holds that under Fed.R.Civ.P. 15(c), this amendment will relate back to the filing of the original complaint.

#### iii. Application of *Rice* to Claim Against Brown in His Individual Capacity

■ In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." In *Rice*, the court held that state officials acting in their official capacities are not persons, even if sued in their individual capacities, if the record does not suggest that their actions were somehow unofficial.

In *Rice*, the court stated that

"Although the complaint filed by Mr. Rice alleges at one point that the individual defendants were acting both 'in their official and personal capacities,' the record does not suggest in any way that the defendants' actions were somehow unofficial. The capacity in which the individual defendants were in fact acting is what matters, not the capacity in

which they were sued; congressional intent is not to be circumvented, *Will* says, 'by a mere pleading device.'"

*Rice*, 887 F.2d at 719. The magistrate states that "[i]f the test for determining whether a state official is being sued in his official capacity truly is whether the state official's actions were taken in the course of performing his official duties [i.e., on the job or during working hours], then the Supreme Court's decision in *Will* can be read to bar not only actions under § 1983 against state officials when sued in their official capacity, but when sued in their individual capacities as well." Magistrate's report and recommendation at 12.

This court does not read *Rice* as standing for the proposition that state officials are not persons under § 1983 whenever they are sued as a result of actions they took while on the job. *Rice* merely states the obvious: if the nature and quality of the state official's actions were entirely within his official prerogative, he is acting merely as an agent of the state and, therefore, sheltered by the state's immunity from suit under the Eleventh Amendment.

One treatise on § 1983 has concluded that "*Will* ... did not upset the settled rule that state officials are persons when sued individually, even when the suit is based upon their official conduct." M. Schwartz and J. Kirklin, 1 *Section 1983 Litigation: Claims, Defenses, and Fees* 248 (2nd Ed. 1991). *Rice*, however, extends *Will* to preclude suit against state officials in their individual capacities if the actions upon which the suit is based are not "somehow unofficial." *Rice*, 887 F.2d at 719. Nothing in *Rice* suggests that suits against a state official in his individual capacity is barred by the mere fact that he was "on the job" at the moment the alleged constitutional violation occurred.

When a state official causes the violation of a constitutional right, he is not acting in his official capacity, unless the state has clearly directed him to commit the violation.[1] Accordingly, the court reads the decision in *Rice* as standing for the proposition that on a motion for summary judg-

---

1. For purposes of this opinion, the court will ignore the narrow exception created when a

state directs its official to violate a constitutional right. For all other intents and purposes,

ment, if there is no genuine issue of material fact as to whether the state official defendant personally violated any of the plaintiff's constitutional rights, then "the defendant's actions were not somehow unofficial," *Rice* at 719; if the defendant's actions were not somehow unofficial, the suit is, in reality, a suit against the state official in his official capacity, notwithstanding designation of the defendant in his individual capacity; if the suit is against the state official defendant in his official capacity it is barred by *Will*.

When read in this way, the *Rice* holding is tautological, if not superfluous. Obviously, if there is no genuine issue of material fact as to whether the state official personally participated in the violation of any of the plaintiff's constitutional rights, he is entitled to summary judgment notwithstanding his special immunity as a state official acting in an official capacity. Accordingly, the court REJECTS the magistrate's recommendation that the matter be dismissed as to defendant Brown merely because Brown was on the job when the alleged constitutional violation occurred.

■ Clearly, there is a genuine issue of material fact as to whether defendant Brown violated plaintiff's constitutional rights by selectively enforcing prison regulations regarding erotic photographs based on racial animus. Accordingly, defendant Brown's motion for summary judgment, to the extent it relates to the suit against him in his personal capacity, is DENIED.

### B. Claim Against Defendant Daniels in His Individual Capacity

■ Personal participation is a sine qua non of individual capacity § 1983 suits; respondeat superior is not within the purview of § 1983 liability. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Nishiyama v. Dickson County Tennessee*, 814 F.2d 277, 289 (6th Cir.1987). There is nothing in the record to suggest that defendant Daniel's alleged liability stems from anything other than his supervisory role as assistant warden. Accordingly, there being no genuine issue of material fact as to whether defendant Daniels

personally participated in the selective enforcement of prison regulations regarding erotic photos, summary judgment as to him, to the extent he is named in his individual capacity, is GRANTED.

It is unnecessary for the court to consider whether or not defendant Daniels is also entitled to summary judgment under the authority of *Rice*. It should be obvious, however, that since that court has concluded that the *Rice* holding is tautological as to § 1983 liability in the first instance, defendant Daniels would also be entitled to summary judgment under *Rice*. Accordingly, the magistrate's recommendation that summary judgment be granted in favor of defendant Daniels, with respect to the claim against him in his individual capacity, is ACCEPTED. The magistrate's conclusion that *Rice* effectively emasculates § 1983 claims against state officials in their individual capacity is, however, REJECTED.

### C. Claims Against Defendants Brown and Daniels in Their Official Capacity

■ The Supreme Court could not have said it any more clearly when in *Will* it stated "that neither a State nor its official acting in their official capacities· are 'persons' under § 1983." *Will*, 109 S.Ct. 2304, 2312. Accordingly, there is no genuine issue of material fact as to whether defendants Brown and Daniels are persons under § 1983. Therefore, the magistrate's recommendation that summary judgment be granted in favor of defendants Brown and Daniels is ACCEPTED and summary judgment is GRANTED in favor of defendants Brown and Daniels to the extent of the claims against them in their official capacities.

SO ORDERED.

---

official action is synonymous with action that does not rise to the level of personal partic-

ipation in the violation of a constitutional right.