977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stacie Ben HUNT, Plaintiff-Appellant,
v.
CITY OF DETROIT; County of Wayne, Defendants-Appellees.
 No. 92-1130.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Stacie Ben Hunt appeals the district court's dismissal of his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Hunt alleged that City of Detroit police officers and the Wayne County Sheriff's Department raided his home and apartment building on May 25, 1983, October 4, 1984, and June 26, 1985, seizing a number of personal property items. On May 12, 1986, the Wayne County Prosecutor filed a petition for forfeiture of the items seized. In July 1986, Hunt was sentenced to incarceration in the state prison system. From February 1987 to January 1988, negotiations were conducted by his attorney in an effort to settle the forfeiture action, but on June 10, 1988, the state court ordered forfeiture of the items seized because Hunt had not responded formally to the petition. Claiming that the defendants had failed to institute the forfeiture proceedings promptly and had failed to provide notice thereof by personal delivery or certified mail before disposing of his property, as required under Mich.Comp.Laws § 333.7523, Hunt sought monetary relief. The district court granted the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). Upon consideration, we conclude that the dismissal was proper.
 
 
 4
 To state a claim for deprivation of property without due process, the plaintiff must plead the inadequacy of state court remedies to redress the claimed wrong. See Zinermon v. Burch, 494 U.S. 113, 126 (1990); Wells v. Brown, 891 F.2d 591, 592 n. 1 (6th Cir.1989); Wilson v. Beebe, 770 F.2d 578, 584 (6th Cir.1985); Victory v. Walton, 721 F.2d 1062, 1064 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). Hunt stated no claim under the due process clause, because he failed to plead the inadequacy of his state court remedies. Moreover, Hunt does not challenge the procedures set forth in the state forfeiture statutes. The substance of his claims seems to be only that defendants failed to give him notice of the state forfeiture action in the manner and form (personal delivery or certified mail) required by Mich.Comp.Laws § 333.7523. This amounts to an assertion of a due process interest in due process, and no such interest is protected under the Constitution. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983).
 
 
 5
 It is evident from Hunt's pleadings, moreover, that he was provided actual notice of the state forfeiture proceeding and had an opportunity to be heard thereon. As the district court correctly held, this is all the process due under the Constitution.
 
 
 6
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation