81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernel FOSTER, Plaintiff-Appellant,
v.
CITY OF CLEVELAND HEIGHTS; Martin Lentz, Chief of Police,
Defendants-Appellees.
 No. 95-3591.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1996.
 
 Before: JONES, BOGGS and COLE, Circuit Judges.
 
 ORDER
 
 1
 Ernel Foster, a pro se Ohio prisoner, appeals a district court order granting summary judgment to the defendants in his amended civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Foster sued the City of Cleveland Heights and its Chief of Police for damages resulting from an injured toe which became infected in May 1989 while Foster was housed in the Cleveland Heights Municipal Jail. He asserted violations of his constitutional rights under the Eighth and Fourteenth Amendments. Foster alleged that he was arrested on May 15, 1989, and taken to the jail where, shortly thereafter, he injured a toe. He further alleged that, despite his requests for medical care, jail personnel refused to treat his toe, which became seriously infected. On May 20, 1989, he was transported by jail personnel to a local hospital where surgery was performed to drain the infection. The defendants filed a motion for summary judgment supported by affidavits, a copy of the jail's policy regarding medical care of prisoners, and a copy of the jail's medical log for 1989.
 
 
 3
 In a memorandum and order filed on May 1 and entered on May 5, 1995, the district court granted summary judgment for the defendants. The district court found that, even if treatment for Foster's toe had been delayed for several days, his bare allegations regarding a single incident were insufficient to overcome the documentation submitted by the defendants regarding their policy of providing necessary medical care for inmates. Thus, Foster had failed to establish either municipal liability or any connection between the chief of police and the alleged constitutional violation.
 
 
 4
 On appeal, Foster continues to argue that he alleged a prima facie case for deprivation of his constitutional rights under color of state law. Specifically, he asserts that the district court erred in finding that municipal liability did not exist in this case, and in not granting sufficient weight to Foster's status as a pro se litigant.
 
 
 5
 Upon review, we affirm the district court's order for the reasons stated therein. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 6
 When a § 1983 claim is made against a municipality, two issues must be analyzed: (1) whether the plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). The district court's analysis concentrated on the second requirement for establishing municipal liability and properly concluded that liability did not attach in this case.
 
 
 7
 Foster's complaint that the district court did not take his pro se status into account is meritless. Although a district court must liberally construe civil rights complaints, Jones v. Duncan, 840 F.2d 359, 361 (6th Cir.1988), pro se litigants are required to adhere to basic pleading requirements. Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989) (collecting cases).
 
 
 8
 Accordingly, the district court's order, entered on May 5, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.