94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barry McMANAWAY, Plaintiff-Appellant,
v.
Don SAPIENZA, Warden, Otter Creek Correctional Center;
Robin Fannin, Nurse, Otter Creek Correctional
Center; Christina Compton, Sgt.; Steve
Damron, Sgt., Defendants-Appellees.
 No. 96-6169.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1996.
 
 Before: KEITH, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking only monetary damages, Barry McManaway sued multiple prison officials at the Otter Creek Correctional Center in their official capacities, claiming that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. McManaway claimed that he was given only two pills of ibuprofen when he was entitled to three pills.
 
 
 3
 The magistrate judge recommended that McManaway's complaint be dismissed as frivolous. Upon de novo review, the district court adopted the magistrate judge's report and recommendation over McManaway's objections.
 
 
 4
 In his timely appeal, McManaway reasserts the claims he set forth in the district court. He also asserts that the defendants altered his prescription and medical records in retaliation for him asserting his constitutional rights. McManaway also moves for a default judgment based on the defendants' failure to submit a brief on appeal.
 
 
 5
 Upon review, we find no abuse of discretion because McManaway only sued the defendants in their official capacities for which monetary relief is not available. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). McManaway's new claim of retaliation, which was not first raised in the district court, is not reviewable in this appeal. See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995)
 
 
 6
 Accordingly, McManaway's motion for a default judgment is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation dated June 21, 1995, as adopted by the district court in its order dated August 14, 1995.