FRED E. DEAN )
)
      Plaintiff/Appellant, )
)     Appeal No.
v. )     01-A-01-9711-CH-00672
)
DONAL CAMPBELL, et al. )     Davidson Chancery
)     No. 97-2564-III
      Defendants/Appellees. )

**FILED**

September 2, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR
DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

FRED E. DEAN, PRO SE
Riverbend Maximum Security Institution
7475 Cockrill Bend Ind. Rd.
Nashville, TN 37209-1010


JOHN KNOX WALKUP
Attorney General and Reporter
ARTHUR CROWNOVER II, BPR # 12306
Assistant Attorney General
Civil Rights and Claims Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0488
      ATTORNEYS FOR THE DEFENDANTS/APPELLEES

AFFIRMED AND REMANDED




WILLIAM B. CAIN, JUDGE

# OPINION

This case comes to us on appeal from an order dismissing Appellant Dean's complaint against Appellees, filed apparently under the auspices of 42 U.S.C. § 1983 et seq., alleging violation of civil rights under the color of state authority. The trial court dismissed Mr. Dean's complaint for failure to specify the capacity of the defendants being sued. For the reasons and under the authorities recited below, we affirm the trial court's dismissal of Mr. Dean's claim with prejudice. [1]

The gravamen of Mr. Dean's original complaint is that he tested positive for tuberculosis while in the custody of the Tennessee Department of corrections. For compensation for his "injury" he sues Donal Campbell, Commissioner of the Tennessee Department of Corrections, Jim Rose and Charles Bass, Assistant Commissioners; Robert Conley, Warden at West Tennessee High Security Facility, and David Mills, Warden at Turney Center and Industrial Prison.

Appellant's complaint reads in pertinent part:

In September 1996, plaintiff was tested at Turney Center Industrial Prison (TCIP) for tuberculosis, and the results were positive.

In March of 1995, upon coming into the TDOC, plaintiff was tested for tuberculosis and the results were negative.

In June of 1995, plaintiff arrived at Northeast Correctional Center, NECC. In September of 1995, was again tested at NECC, again the results were negative....

It is the policy of TDOC to test all inmates coming into TDOC and again to do testing on the inmate's birthday month, plaintiff's being in Sept.

Plaintiff states that sometime between September 1995 and

---

[1]

      Appellant has filed a motion to consider post judgment facts pursuant to Tenn. R. App. P. 14. The court is unpersuaded that the post judgment denial of Plaintiffs motion to amend his original complaint after the close of the pleadings amounts to a fact which materially affects the positions of the parties. Therefore that motion should be and is denied.

September 1996, plaintiff was exposed to the tuberculosis germ.

Plaintiff alleges that TDOC was negligent in its duty to provide plaintiff with a safe and healthy living environment.

Plaintiff further alleges that TDOC is responsible by state law for the well being and medical needs.

No specific acts or failures to act are alleged with regard to any of the named defendants in this suit. In response to the complaint all Defendants filed motions to dismiss for failure to state a claim. The ground for these motions was that Mr. Dean had failed to indicate clearly the capacity in which the defendants were sued. *Wells v. Brown*, 891 F.2d 591 (6th Cr. 1989). Appellant asks whether the trial court abused its discretion in granting this motion to dismiss on the merits.

Capacity is raised by specific negative averment. Tenn. R. Civ. P. 9.01(1998). Defendants made these special averments by way of their motions to dismiss. Indeed to come within the purview of a § 1983 action, the plaintiff must allege, among other things, whether it is suing the defendants in their individual capacity for damages or as representatives of the governmental entity, keeping in mind the governmental immunity contemplated in our statutes.

Mr. Dean alleged in his complaint that he contracted Tuberculosis in one of the Tennessee Department of Corrections facilities in which he was housed between September of 1995 and September of 1996.

Appellant states in the caption of his complaint that the named defendants are sued in their individual *and* official capacity. The ad damnum of the complaint reads as follows:

RELIEF SOUGHT
$20,000,00 each defendant compensatory damages
$50,000,00 each defendant punitive damages
$10,000,00 each defendant for pain and suffering [sic]

Nowhere in the complaint does appellant indicate that he is suing the

3

defendants for damages in their individual capacity, as is required under 42 U.S.C. § 1983. *See Wells v. Brown*, 891 F.2d 591 (6th Cr. 1989). Even if he were suing these individuals in their individual capacity, he has not alleged sufficient facts to bring this action within the purview of a court considering a § 1983 claim.

The absolute immunity of state officers and employees from suit in the type of situation alleged is contained in the plain language of Title 9 of our code.

> State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or crimina acts or omission for acts or omissions done for personal gain. Tenn. Code Ann. § 9-8-307(h)(1997).

To cross the pleading threshold in such a case, Appellant must at least allege with clarity and specificity the actions of officials which constitute the "unnecessary and wanton infliction of pain" contemplated by *Estelle v. Farmer* and its progeny. *Estelle v. Farmer*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). *See also Stamps v. McWherter*, 888 F. Supp. 71 (WD Tenn. 1995). The allegations don't even rise to the level of a proper claim for negligence. Appellant may believe it totally logical to hold prison officials responsible for the free movement of germs and viruses. However, absent some proof of particular malfeasance or nonfeasance on the part of those individuals which deliberately facilitates the movement of those very germs in the appellant's direction, an action under 42 U.S.C. § 1983 simply will not lie. We find dismissal appropriate under the circumstances.

Appellees raise issue regarding the subject matter jurisdiction of the Chancery Court. In view of our decision on the above grounds the question with regard to subject matter jurisdiction not raised at trial is moot.

The action of the trial court is affirmed in all respects and the case is remanded to the trial court for such further proceedings as may be necessary. Costs on appeal are taxed against appellant.

_____

4

\_\_\_

                                  WILLIAM B. CAIN, JUDGE


CONCUR:


_____

HENRY F. TODD, PRESIDING JUDGE, M.S.


_____

BEN H. CANTRELL, JUDGE