Charles Cornelius CHENAULT, also known as Neil Chenault, Plaintiff–Appellant,

v.

TENNESSEE DEPARTMENT OF MENTAL HEALTH; Middle Tennessee Mental Health Institute; Joe Carobene; Walter Wilson; Vicki Pruitt; Lewis Gray; Virginia Calderon; Karen Harrell; Jamie Stanley; James Jackson; Mike Nolan; Walter Williams; Ahmad Davis, Defendants–Appellees.

No. 00–5859.

United States Court of Appeals, Sixth Circuit.

March 7, 2001.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; and TARNOW,* District Judge.

Charles Cornelius Chenault appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Chenault alleged that the defendants had violated his rights while he was involuntarily confined in a state mental hospital. He primarily alleged that he had been drugged on the night of his admission and that he had been raped by unknown assailants while he was unconscious. Chenault also alleged that the defendants had inter-

fered with his attempts to report the alleged rape to the police and that a defendant had tampered with his outgoing mail. The district court adopted a magistrate judge's recommendation over Chenault's objections, and dismissed the case on June 8, 2000. *See* Fed.R.Civ.P. 12(b)(6). It is from this judgment that he now appeals.

■ A *de novo* review of the record shows that the magistrate judge properly found that the Eleventh Amendment barred Chenault's claims for monetary relief against the Tennessee Department of Mental Health and the Middle Tennessee Mental Health Institute. *See MacDonald v. Village of Northport, Mich.*, 164 F.3d 964, 970 (6th Cir.1999). Chenault has waived his right to appellate review of these claims because he did not raise a specific challenge to this finding in his objections to the magistrate judge's report. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995).

■ The complaint did not indicate that the remaining defendants were being sued personally. Thus, it must be assumed that they were sued in their official capacity as state employees, and in that capacity they are not persons who may be liable for damages under § 1983. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). Chenault apparently argues that the complaint form did not prompt him to make this distinction. However, he subsequently failed to assert that the defendants had been sued as individuals, both in his objections to the magistrate judge's report and in his brief on appeal.

■ The magistrate judge properly found that Chenault had not requested a legitimate form of equitable relief, because he would not have obtained a particular benefit from the relief requested and be-

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

cause he had not shown that there was a real and immediate danger that he would suffer a similar injury in the future. *See Williams by Williams v. Ellington,* 936 F.2d 881, 889 (6th Cir.1991). In his objections, Chenault argued that he was under a continuing threat of involuntary commitment in the future. However, it appears that Chenault is no longer committed and the possibility of future harm is speculative at best.

We have considered Chenault's remaining arguments, and they are all equally lacking in merit.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.