**Robert Louis BROWN, Plaintiff–Appellant,**

v.

**CRACKER BARREL RESTAURANT, Defendant–Appellee.**

No. 01–5608.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

*ORDER*

Robert Louis Brown, proceeding pro se, appeals a jury verdict against him in his employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Brown sued his former employer for denying him lunch breaks because of his race. Brown is an African–American who worked for the defendant from October 15, 1994 to February 14, 1995, washing dishes and busing tables. The jury found that management had denied Brown lunch breaks, but that Brown's race was not the motivating factor. The district court thus entered judgment in favor of the defendant on May 2, 2001. It is noted that Brown properly exhausted his administrative remedies with the EEOC before filing suit.

In his timely appeal, Brown argues that: the district court wrongfully excluded EEOC documents as evidence; the district court gave the jury erroneous instructions about the law and unnecessarily included an instruction on constructive discharge; and the district court permitted "perjury, false statements, and obstruction of justice." He requests review of all motions denied by the district court and moves for miscellaneous relief.

Upon review, we first conclude that the district court did not abuse its discretion by excluding the EEOC documents as they were not relevant to whether Brown was denied lunch breaks. *See* Fed.R.Evid. 401 and 402; *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.,* 70 F.3d 422, 428 (6th Cir. 1995).

Second, review of the record shows that Brown failed to object to the jury instructions at trial and also twice agreed to the court's instruction on constructive discharge. Therefore, he has forfeited his right to raise the alleged errors on appeal, and this court will review the jury instructions only for plain error. *See Reynolds v.*

*Green,* 184 F.3d 589, 594 (6th Cir.1999). No error occurred.

Third, Brown's perjury issue is not reviewable as "[w]itness credibility is solely within the jury's province, and this court may not remake credibility determinations." *United States v. L.E. Cooke Co.,* 991 F.2d 336, 343 (6th Cir.1993).

Finally, we deny Brown's request to review all motions filed below. Brown does not name any particular motion or point to any specific error to be reviewed. Although pro se pleadings are to be liberally construed, courts are not required to conjure up unpleaded allegations or guess at the nature of an argument. *See Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.