954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Henry CARR, Plaintiff-Appellant,
v.
James J. BLANCHARD, Governor; Robert Brown, Jr., Director;
Terry Pitcher, Warden; Kimberly Ruby; Dover
Corporation/Groen Division; Great Lakes Electric;
Cleveland Kettle/Wank of Michigan, Defendants-Appellees.
 No. 91-1872.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1992.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James Carr appeals the district court's order dismissing his prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983.
 
 
 3
 Carr claimed that he was injured when a kettle exploded while he was working in the kitchen at the Hiawatha Correctional Facility. The defendants are Brown, Pitcher, and Ruby, who are various prison officials, and Groen Division/Dover Corporation which allegedly manufactured the kettle. Carr also named as defendants the former governor of Michigan, Cleveland Kettle, and Great Lakes Electric Company; these defendants have been dismissed from the suit. Carr sought damages and injunctive relief.
 
 
 4
 After reviewing the magistrate's report and recommendation, the district court dismissed defendants Brown, Pitcher, and Ruby as Carr failed to specify whether he was suing them in their individual or official capacities. See Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). The court also dismissed the complaint as to defendant Groen Division/Dover Corporation as Carr failed to sufficiently establish that the court had jurisdiction. See Fed.R.Civ.P. 8; United Mine Workers v. Gibbs, 383 U.S. 715, 725-27 (1966).
 
 
 5
 On appeal, Carr argues that the district court incorrectly dismissed his complaint.
 
 
 6
 Upon review, we vacate the district court's order. Carr sought to amend his complaint in order to make a more definite claim against defendant Groen Division/Dover Corporation, to add other state actors, and to correct the original complaint by indicating that he wished to sue the state officials in both their individual and personal capacities. The magistrate judge denied this motion. This decision must be reconsidered, as state officials who are sued in their individual capacities are liable under 42 U.S.C. § 1983 if the plaintiff seeks to reach individual action. See Hafer v. Melo, 112 S.Ct. 358 (1991). Carr also raised the issue of diversity jurisdiction under 28 U.S.C. § 1332 against defendant Groen Division/Dover Corporation. The magistrate and the district court did not directly address this basis for jurisdiction and indicate why it was insufficient. As a result, the district court's order is hereby vacated and the case remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.