959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas KIRK, Plaintiff-Appellee,
v.
Herbert NEGENDANK, Dr., Defendant-Appellant,
Health Services, Adrian Temporary Facility, Defendant.
 No. 91-1269.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before MERRITT, Chief Circuit Judge, and NATHANIEL R. JONES and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal arises in an action filed under 42 U.S.C. § 1983 (1988) by Douglas Kirk, an inmate at the Adrian Temporary Facility in Michigan, in which he alleged that the defendant, Dr. Herbert Negendank, the prison dentist, had violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment, in that he allegedly suffered constant pain for approximately five months. Kirk sought damages for pain and suffering, punitive damages, and an injunction ordering the defendant to arrange some outside emergency care for him. Dr. Negendank appeals the district court order denying his motion for summary judgment and his motion to reconsider, arguing that plaintiff's action is barred by the Eleventh Amendment.
 
 
 2
 We lack jurisdiction to address the merits of Dr. Negendank's appeal. As this court stated in Wells v. Brown, 891 F.2d 591 (6th Cir.1989), "plaintiffs seeking damages under § 1983 [must] set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." 891 F.2d at 592. Because Kirk's pleadings do not satisfy this requirement, in that he did not specifically plead that he was suing Negendank in his individual capacity, Federal Rule of Civil Procedure 9 acts with the Eleventh Amendment to deprive this court of subject matter jurisdiction. See id. at 593.
 
 
 3
 Therefore, we DISMISS this appeal as to the damages claim. We REMAND the case to the district court, however, for further proceedings as to the request for injunctive relief and for the purpose of allowing the plaintiff to amend his pleadings to correct the noted deficiency in his damages claims.