999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earnest MARTIN, Jr., Plaintiff-Appellant,
v.
Michael J. O'DEA, III, Warden, Eastern Kentucky Correctional
Complex; Ernest D. Smith, Senior Captain; Davis
Carroll, Lt.; C. Well, Sgt.,
Defendants-Appellees.
 No. 92-6026.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Earnest Martin, Jr., appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Martin sued numerous Kentucky correctional personnel, alleging that they violated his due process rights when they placed him in administrative segregation and his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs. The magistrate judge recommended dismissing some of Martin's claims as frivolous. The district court noted that Martin had raised additional issues not addressed by the magistrate judge, referred the matter back to the magistrate judge for consideration of those issues, and adopted the magistrate judge's recommendation on the issues addressed in his report. Martin then filed a notice of appeal from this order. The magistrate judge issued a second report, recommending dismissal of Martin's remaining claims as frivolous. Over Martin's objections, the district court adopted the magistrate judge's report and recommendation and dismissed Martin's case as frivolous.
 
 
 4
 We first note that the court has jurisdiction over this appeal as Martin's premature notice of appeal is sufficient to vest the court with jurisdiction over the district court's final judgment. See Gillis v. United States Dep't of Health and Human Servs., 759 F.2d 565, 568-69 (6th Cir.1985).
 
 
 5
 Upon review, we affirm the judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). We note that Martin did not allege the capacity in which he is suing the defendants. Therefore, they are construed to be sued in their official capacity. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). As Martin only sought monetary relief, the defendants are not subject to suit in this case, because state officials are not subject to suit for monetary damages in their official capacity under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation