16 F.3d 1224
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Roger Dale WILSON, an individual, Plaintiff-Appellant,
v.
VILLAGE OF CASSOPOLIS, a Michigan Governmental Entity,
jointly & severally; Frank Williams, Jr., an individual in
his official capacity as Chief of Police of the Village of
Cassopolis, jointly & severally; Thomas Canny, an
individual, jointly & severally, Defendants-Appellees.
 No. 93-1907.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1994.
 
 1
 Before: GUY and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Plaintiff Wilson appeals pro se a district court order granting summary judgment to the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wilson is a resident of Cassopolis, Michigan. The defendants are the Village of Cassopolis; Frank Williams, the Chief of Police of the Village of Cassopolis sued in his official capacity; and Thomas Canny, a private citizen. The background facts are set forth in the district court's opinion and will not be repeated herein. Suffice it to say that Wilson alleged that the defendants violated his constitutional rights when they falsely arrested and maliciously prosecuted him on an assault and battery charge. Specifically, he claimed that his arrest and prosecution were without probable cause and deprived him of his constitutional right to due process of law. He also alleged that he was deprived of his right to counsel. A jury eventually acquitted Wilson of the charge. Wilson sought only monetary relief. He also asserted pendent state law claims of false arrest and malicious prosecution.
 
 
 4
 Defendant Canny's motion to dismiss was granted on November 30, 1992. The district court granted summary judgment to the remaining defendants in an opinion and order filed June 4, 1993. The court decided that there was no deprivation of Wilson's constitutional rights. See Baker v. McCollan, 443 U.S. 137, 145-46 (1979). The court also concluded that Wilson was not deprived of a right to counsel since he was acquitted of the charge and never sentenced to a term of imprisonment. See Scott v. Illinois, 440 U.S. 367, 373-74 (1979).
 
 
 5
 Upon review, we affirm the district court's order for reasons other than those stated by that court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 6
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 Defendant Williams is entitled to judgment as a matter of law because, in his official capacity, he is not a "person" subject to suit for monetary damages under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Wilson never stated that he was suing Williams in Williams's individual capacity. Therefore, Williams cannot be subject to this suit for monetary damages. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989).
 
 
 8
 The Village of Cassopolis is also entitled to judgment as a matter of law. Under Sec. 1983, a municipality is a "person" that can be sued directly. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). However, a municipality may not be held liable for the actions of individual employees unless the action was pursuant to an "official municipal policy of some nature"; there is no doctrine of respondeat superior under Sec. 1983. Id. at 691. Absent a pre-existing policy, the officials in question must have the "final authority" to make policy. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). Wilson has made absolutely no showing that the Village of Cassopolis had an established policy of arresting persons without probable cause, or acquiesced in persistent practices establishing a custom of arresting persons without probable cause. "If a city may be liable only where the injury is inflicted in the execution of city policy, the complainant must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir.1987). Wilson's proof did not meet this standard. Accordingly, summary judgment is proper.
 
 
 9
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation