23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael MEEHAN, Plaintiff-Appellant,
v.
Douglas PARDUE; Phil Bredesen; David Scobey; Hunt;
Brown; Kirschner; Luedice; Cantrell,
Defendants-Appellees.
 No. 93-6185.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Meehan, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Meehan sued various state officials, including several police officers and their supervisors alleging that the defendants violated his due process and equal protection rights, as well as various state constitutional rights. Meehan did not specify the capacity in which the defendants were sued. The district court dismissed the complaint sua sponte pursuant to the doctrine announced in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), concluding that Meehan was improperly seeking to challenge a state court decision. Meehan has filed a timely appeal as well as a motion to proceed in forma pauperis on appeal and for the appointment of counsel. The defendants have written a letter to the court indicating that they will not be filing a brief.
 
 
 3
 Upon review, we conclude that the district court properly dismissed Meehan's complaint to the extent Meehan seeks review of a final judgment by the state court. See Feldman, 460 U.S. at 485-86 (1983); In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986). To the extent that Meehan seeks to relitigate his claims in federal court, review of the claims is barred under Tennessee's doctrine of res judicata. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984); American Nat'l Bank & Trust Co. v. Clark, 586 S.W.2d 825, 826-27 (Tenn.1979). Finally, it is apparent that the defendants are not even subject to suit in this case for monetary damages. Meehan failed to specify the capacity in which he sued the defendants, and hence they are assumed to be sued in their official capacities, see Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989), and not subject to suit for monetary damages. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).
 
 
 4
 Accordingly, we hereby deny the appointment of counsel, grant Meehan in forma pauperis status for purposes of this appeal, and affirm the district court judgment. Rule 9(b)(3), Rules of the Sixth Circuit.