72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Steven HAYDEN, Plaintiff-Appellant,
v.
Jackie COMBEST, Jailer, Henderson County Detention; James
C. Cooper, Assistant Jailer, Henderson County
Detention Center, Defendants-Appellees.
 No. 95-5065.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1995.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and McKEAGUE, District Judge.*
 
 ORDER
 
 2
 Steven Hayden, a pro se Kentucky prisoner, appeals a district court order granting summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hayden was an inmate at the Henderson County Detention Center (HCDC) from April 28, 1991, to December, 1991. Hayden alleged that the defendants violated his constitutional rights when they denied him access to the courts, denied him medical care, and denied him recreation. He also asserted various claims challenging the conditions of confinement. He sought injunctive and monetary relief. Hayden did not specify the capacity in which he was suing the defendants.
 
 
 4
 The defendants filed a motion for summary judgment. The matter was referred to a magistrate judge who issued a report on December 6, 1993, recommending that summary judgment be granted to the defendants on all of Hayden's claims. Upon de novo review of the report and recommendation, Hayden's objections, and the whole record, the district court adopted the report and recommendation as the opinion of the court.
 
 
 5
 Initially, we must decide whether Hayden waived his right to appeal because he did not properly serve his objections to the report and recommendation on the defendants' counsel, as the defendants contend. We conclude that, given the fact that the district court ultimately ruled in favor of the defendants, Hayden's failure to serve his objections on the defendants was, at best, harmless error. See Fed.R.Civ.P. 61.
 
 
 6
 Upon review, we affirm the district court's order because there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 7
 To the extent Hayden sought monetary relief without stating the capacity in which he was suing the defendants, this court presumes that the defendants are sued in their official capacities. Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). Because the defendants were sued in their official capacity, it is as if Hayden is suing Henderson County. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691-92 (1978). Thus, the defendants will not be held liable under Sec. 1983 unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Id. at 691; Deaton v. Montgomery County, Ohio, 989 F.2d 885, 889 (6th Cir.1993). To the extent Hayden also sought injunctive and declaratory relief, the suit can proceed against the defendants in their individual capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 & n. 10 (1989). We will first consider whether there is sufficient evidence of a violation of any of Hayden's constitutional rights to survive the defendants' motion for summary judgment.
 
 
 8
 The defendants are entitled to judgment as a matter of law because the alleged conditions, even if true, do not constitute a deprivation of the "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The defendants have proffered undisputed testimony that if temporary overcrowding exists, inmates are provided with a mattress, sheets and a pillow. Hayden failed to offer any evidence that the overcrowding posed a substantial risk to inmate safety, or that there was a genuine issue of material fact regarding the defendants' knowledge of the alleged risk. See Farmer v. Brennan, 114 S.Ct. 1970, 1981-82 (1994). Because Hayden failed to proffer evidence which showed that the defendants were aware of or consciously disregarded a substantial risk to inmates, the district court did not err by granting summary judgment for the defendants on the conditions of confinement claim. Id. at 1982-83.
 
 
 9
 Regarding Hayden's claim of a denial of medical treatment, Hayden's own testimony and the defendants' affidavits establish that Hayden received competent medical attention when requested and that neither of the defendants was deliberately indifferent to Hayden's serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 10
 Summary judgment was proper insofar as Hayden alleged that he was denied the right of access to the courts. Hayden was represented by a court-appointed attorney, Jim Esser, during his entire stay at the HCDC. Hayden admitted that there was no lapse in legal representation. The availability of counsel during an inmate plaintiff's period of confinement, coupled with the jailer's unrebutted assertion that inmates were provided with legal materials "upon request," defeats a plaintiff's claim of denial of access to the courts. Martucci v. Johnson, 944 F.2d 291, 295 (6th Cir.1991).
 
 
 11
 Summary judgment was also proper insofar as Hayden claimed that the defendants did not provide him with adequate opportunities for exercise. Prisoners are clearly entitled to regular periods of exercise. Walker v. Mintzes, 771 F.2d 920, 927 (6th Cir.1985); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir.1983). The record in this case reflects that Hayden had the opportunity to exercise both inside and outside the jail. Hayden admitted that he had room to exercise in the cells, that he did push-ups and sit-ups and was allowed to go outside for recreation. In fact, Hayden even refused outside recreation on some occasions. Accordingly, Hayden's claim that the defendants failed to provide adequate exercise must fail.
 
 
 12
 Finally, because it is clear that there was no constitutional violation, it is not necessary to address the question of whether a municipal policy was responsible for the defendants' actions. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam).
 
 
 13
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation