89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger L. LYLE, Plaintiff-Appellant,
v.
Don KOOLE, Defendant-Appellee.
 No. 95-2051.
 United States Court of Appeals,
Sixth Circuit.
 June 10, 1996.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; ROSEN, District Judge.*
 
 ORDER
 
 2
 Roger L. Lyle, a pro se Michigan state prisoner incarcerated at the Saginaw Regional Correctional Facility, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lyle filed his civil rights complaint alleging that the defendant violated his constitutional right to meaningful access to the courts under the First and Fourteenth Amendments by returning his legal mail to the sender without notifying Lyle that the mail had arrived. Lyle also asserted other incidents of misconduct by unnamed defendants, alleging that a prison guard tampered with his outgoing mail on October 30, 1994, that he was denied visitation rights on November 4, 1994, that prison officials have denied him access to his typewriter, and that he has been discriminated against with regard to his job assignment. The complaint named Don Koole, the Mailroom Coordinator at the Saginaw facility, as the only defendant. Lyle sought injunctive and monetary relief. He did not specify the capacity in which he was suing the defendant.
 
 
 4
 The defendant filed a motion for summary judgment. The matter was referred to a magistrate judge who issued a report on July 24, 1995, recommending that summary judgment be granted to the defendant. Upon de novo review of the report and recommendation, in light of Lyle's objections, the district court adopted the report and recommendation in an opinion filed September 8, 1995. Judgment was entered that same date. This timely appeal followed.
 
 
 5
 Initially, we note that because Lyle failed to allege in his complaint in what capacity he was suing the defendant, Koole is considered as being sued in his official capacity. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). Therefore, defendant Koole is not subject to suit for monetary damages under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989). Lyle's allegations against the unnamed defendants are also not cognizable in this suit filed only against defendant Koole.
 
 
 6
 Upon review, we affirm the district court's judgment because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Lyle has neither alleged nor shown that defendant Koole knowingly acquiesced in the alleged misconduct. See Taylor v. Michigan Dep't of Corrections, 69 F.3d 76, 80-81 (6th Cir.1995); Walton v. City of Southfield, 995 F.2d 1331, 1340 (6th Cir.1993). Furthermore, even if it is assumed that defendant Koole knowingly acquiesced in the alleged misconduct, Lyle has not shown any prejudice to any pending litigation. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Finally, to the extent that Lyle alleged a conspiracy in his objections to the magistrate judge's report and recommendation, the claim was properly dismissed because Lyle failed to plead any facts which would support a claim that various prison officials conspired to deny his constitutional rights. See Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation