97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William P. BESSER, Plaintiff-Appellant,
v.
Reginald WILKINSON, et al., Defendants-Appellees.
 No. 95-4030.
 United States Court of Appeals, Sixth Circuit.
 Sept. 06, 1996.
 
 Before: SILER, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 William P. Besser, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Besser sued three state prison officials (Wilkinson, Morris, and Jenkins) without specifying the capacity in which he sued the defendants. Relying on the Eighth and Fourteenth Amendments, Besser asserted that the defendants illegally delayed surgery to remove a mass on his arm, ignored the risk of tuberculosis at the prison, and denied treatment for his emphysema.
 
 
 3
 The defendants filed a motion for summary judgment. Upon review of the magistrate judge's recommendation and over Besser's objections, the district court granted summary judgment in the defendants' favor. Besser has filed a timely appeal, reasserting the same claim.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants, but we affirm for reasons other than those stated by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994). Besser sued the defendants for monetary relief without specifying the capacity in which he sued them. Absent a specification of capacity, a state official will be construed to be sued in his official capacity. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). A state official is not subject to suit for monetary damages in his official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Therefore, the defendants are not subject to suit for monetary damages in this case.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.