97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wedria LONG, Plaintiff -Appellant,
v.
Kenneth McGINNIS; Wayne Weiss; and Michigan Department of
Corrections, Defendants-Appellees,
 No. 95-1227.
 United States Court of Appeals, Sixth Circuit.
 Sept. 17, 1996.
 
 Before: WELLFORD, BOGGS, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court granted summary judgment to the defendants in this § 1983 civil rights suit by inmate Wendria Long against the Michigan Department of Corrections, its director, and a prison guard. For the reasons that follow, we affirm.
 
 
 2
 * Long is an inmate in the custody of the Michigan Department of Corrections at the Huron Valley Women's Facility. On January 25, 1992, she was transferred to the infirmary at the Huron Valley Men's Facility for temporary medical treatment. While in custody there, she had sexual intercourse with an male inmate, James Stroman. Long claims that Stroman gained access to the central cell locking mechanism while cleaning the nurses' station, held a knife to her throat, and raped her. Stroman claims that the encounter was consensual.
 
 
 3
 Weiss was the guard on duty in the infirmary at the time of the alleged rape. Weiss was filling in for another guard, and the infirmary was not his normal duty station. Long alleges that Weiss knew that a female inmate was in the infirmary, and knew that Stroman potentially had access to the infirmary cells. Long further alleges that Weiss failed to check adequately the locking mechanism on her cell, and that Weiss wrongly spent time watching television rather than patrolling the area.
 
 
 4
 Long sued the Michigan Department of Corrections, Kenneth McGinnis (its director), Weiss, Stroman, and five unnamed John Does (who helped transport her between the prisons), for money damages under § 1983. Only four of the defendants (the Department, McGinnis, Weiss, and Stroman) were served. Long has voluntarily dismissed her case against Stroman without prejudice. Long has not pursued her case against the John Does.
 
 
 5
 On April 7, 1994, the Department, McGinnis, and Weiss moved to dismiss and/or for summary judgment. Long responded by brief only. She did not supply supporting affidavits, exhibits, or documentary evidence.
 
 
 6
 The district court granted the motion to dismiss as to the Department, McGinnis, and Weiss in his official capacity. The court held that the federal claims against these defendants were barred by the Eleventh Amendment, and that the state law claims against them were barred by Mich.Comp.Laws Ann. § 691.1407(1) (immunizing state agencies) and § 691.1407(5) (immunizing officers acting within the scope of their authority).
 
 
 7
 The district court granted the motion for summary judgment as to the claims against Weiss, holding that there was no genuine issue of material fact as to whether Weiss was "deliberately indifferent" to Long's plight (federal law claim), or whether Weiss was "grossly negligent" (state law claim). Long's motion for reconsideration was denied, and she filed a timely notice of appeal.
 
 II
 
 8
 Long first argues that the district court erred in dismissing her federal claims against McGinnis. She does not dispute the proposition that the Eleventh Amendment protects state officers in their official capacity from actions for money damages in federal court. Instead, she argues that the district court erred by refusing to construe her suit against McGinnis as one aimed at him in his personal capacity.
 
 
 9
 We have interpreted Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989), to require "plaintiffs seeking damages under § 1983 [to] set forth clearly in their pleading[s] that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). Long's complaint does not indicate the capacity in which she is suing McGinnis, although Long does specify that she is suing Weiss and the John Does in both their official and individual capacities. Therefore, the district court correctly dismissed Long's claims against McGinnis under the Eleventh Amendment.
 
 
 10
 Long also claims that the court erred by granting summary judgment to Weiss. Long's brief focuses on her federal law claim against Weiss: he violated her rights against cruel and unusual punishment under the Eighth Amendment to the Constitution. Under the Eighth Amendment, to hold a prison guard liable for the rape of one inmate by another, the victim must show that the guard showed "deliberate indifference to a substantial risk of harm." Farmer v. Brennan, 511 U.S. ----, ----, 114 S.Ct. 1970, 1974 (1994).
 
 
 11
 Long alleges that Weiss knew a woman was in the infirmary, knew Stroman had access to her cell, and knew Stroman had a history of sexual assault. These allegations, if true, may be sufficient to support a finding that Weiss knew of a substantial risk of harm to Long. However, Long must also show that Weiss was deliberately indifferent to that risk of harm. She must offer evidence tending to show that Weiss had a culpable state of mind. Long has no such evidence in this case. Indeed, she does not even make factual allegations that would be legally sufficient to support a verdict in her favor. Long does not allege that Weiss saw anything suspicious or heard cries for help. She merely says that Weiss imprudently watched television instead of making his rounds, and that when he did make his rounds he did not adequately check the locking mechanism on her door. These are charges of simple negligence--and a plaintiff cannot recover for simple negligence under the Eighth Amendment. Marsh v. Arn, 937 F.2d 1056, 1060-61 (6th Cir.1991).
 
 III
 
 12
 The judgment of the district court is therefore AFFIRMED.