98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glen F. MULLINS, Plaintiff-Appellant,
v.
Rex ZENT, Warden, et al., Defendants-Appellees.
 No. 96-3066.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: KENNEDY, JONES, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking certification of a class, monetary damages, a declaratory judgment, and injunctive relief, Glen F. Mullins sued twelve employees of Ohio's Madison Correctional Institution ("MaCI") (Rex A. Zent, Barbara Cranston, Jim Smith, Patricia Hainesworth, William C. Locke, Morris Bayes, Eva Swyers, Dan Lowe, Connie Hunger, Pat Fisher, Elizabeth Gill, and David Archey). Mullins did not specify whether he was suing the defendants in their official or personal capacities. He claimed that the defendants violated his civil rights because: 1) MaCI is overcrowded; 2) medical care at MaCI is deficient; 3) food service is insufficient; 4) the law library is inadequate; 5) the grievance procedure at MaCI does not work; 6) the prison commissary is improperly selling state-issued items; 7) prisoners are forced to wear worn clothing, and prisoners do not have adequate winter clothes; 8) disciplinary hearings deny prisoners due process; 9) jobs are assigned and discipline is meted out on a discriminatory basis; and 10) legal mail is unduly delayed.
 
 
 3
 The district court denied Mullins's motion for class certification. Upon consideration of the defendants' motion for summary judgment and Mullins's responses, the district court granted in part and denied in part the defendants' motion. The court dismissed all of Mullins's claims except those relating to inadequate medical care directed to him personally, his exposure to unsanitary food preparation conditions, and his claim that he was denied access to the courts because of prison mailroom policies. Thereafter, the district court granted the defendants' second motion for summary judgment and dismissed the remaining claims. Mullins appeals that judgment.
 
 
 4
 In his timely appeal, Mullins reasserts his claims enumerated # 3 and # 10, that food preparation conditions were unsanitary at MaCI and that his access to the courts was denied by the prison's mailroom policies. Mullins does not reassert on appeal any of the claims that were dismissed by the district court's opinion and order dated March 30, 1994. Similarly, Mullins does not reassert that he was denied adequate medical care. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 In addition, Mullins did not specify that he was suing the defendants in their individual capacities. A state and its officials are not considered persons within the meaning of 42 U.S.C. § 1983 when sued in their official capacities for monetary damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). If a plaintiff does not affirmatively plead the capacity in which he is suing state defendants, they will be considered as sued in their official capacities, and thus not be considered subject to suit for monetary damages. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Nonetheless, such state defendants can be sued in their official capacities for injunctive and declaratory relief. See Will, 491 U.S. at 71 n. 10. Therefore, the appeal may proceed as it relates to these claims for relief.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants for the reasons set forth in the district court's opinion and order dated December 22, 1995. Fed.R.Civ.P. 56(c).
 
 
 7
 Mullins simply has not shown that the defendants were deliberately indifferent to unsanitary prison conditions, see Wilson v. Seiter, 501 U.S. 294, 297-300 (1991); Farmer v. Brennan, 114 S.Ct. 1970, 1979-84 (1994), nor has he shown that he was denied his right of access to the courts. See Lewis v. Casey, 64 U.S.L.W. 4587, 4589-90 (U.S. June 24, 1996).
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.