101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary HARRIS, Plaintiff-Appellant,
v.
Dennis E. MUCHNICKI, Defendant-Appellee.
 No. 96-3344.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1996.
 
 Before: MARTIN, Chief Judge; KEITH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Gary Harris, an Ohio citizen, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Seeking unspecified compensatory and punitive damages, Harris sued defendant Muchnicki for allegedly violating his constitutional rights to privacy and due process, and for violating state and federal law; he did not specify the capacity in which he sued Muchnicki. During the relevant time period, Muchnicki was an Assistant Attorney General for the State of Ohio and the actions complained of were taken in the course of his official duties as a state prosecutor. Harris had been named by the Ohio Environmental Protection Agency (OEPA) as a potentially responsible party for the clean-up of barrels containing asphalt discovered in a Cleveland building. In September 1991, at the same time that the OEPA's civil division was negotiating with Harris for the barrels' removal, Muchnicki initiated a grand jury investigation which resulted, in May 1992, in the return of a 65-count indictment charging Harris and others with various environmental offenses. Later, in January 1993, Muchnicki released the state grand jury minutes to the U.S. Department of Justice (USDOJ), which was conducting its own investigation of Harris. Muchnicki did not seek court permission to do so, as required by Ohio R.Crim.P. 6(e). In his complaint, Harris alleged that Muchnicki violated state and federal law as well as his due process rights when he conducted an investigation and grand jury proceeding despite never being appointed to do so by the U.S. Attorney General as required by 28 U.S.C. § 515, or being appointed as a special prosecutor under Ohio Rev.Code § 2941.63. Harris further alleged that Muchnicki violated his rights to privacy and due process by unilaterally disclosing the grand jury minutes to the USDOJ.
 
 
 3
 In a memorandum opinion and order filed on February 29 and entered on March 1, 1996, the district court granted Muchnicki's motion to dismiss based upon the absolute quasi-judicial immunity available to prosecutors for actions intimately associated with the judicial phase of the criminal process. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). A separate order was entered the same day. On appeal, Harris argues that the defendant's actions are not protected by absolute quasi-judicial immunity and do not meet the standard for qualified immunity.
 
 
 4
 Upon careful consideration, we affirm the district court's order, in part for a reason other than that relied upon by the district court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994). Whether the district court properly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id.
 
 
 5
 In this case, the district court granted Muchnicki's motion to dismiss because it found that his actions in initiating the grand jury proceedings and in releasing state grand jury minutes to federal prosecutors in aid of a federal investigation were protected by absolute prosecutorial immunity. The district court properly concluded that absolute immunity bars Harris's suit against Muchnicki for his actions in initiating and conducting the state grand jury proceedings, whether or not he was technically appointed as outlined under state or federal law. See Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir.1989); see also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 6
 The question of whether absolute immunity protects Muchnicki's action in releasing the grand jury minutes to federal prosecutors is less clear. The district court acknowledged that the precise issue presented appears to be a matter of first impression. The cases cited by the district court involved disclosures to members of the public. The courts concluded that the prosecutors' actions in those cases were not protected by absolute quasi-judicial immunity, because they fell within the prosecutors' administrative or investigative duties not relating to preparation for the initiation of a prosecution, instead of within their quasi-judicial duties. Thus, they were protected, if at all, only by qualified immunity.
 
 
 7
 This court and others have recognized that " '[d]rawing a proper line between these functions may present difficult questions....' " Grant, 870 F.2d at 1137 (quoting Imbler, 424 U.S. at 431 n. 33). It is a line, however, that we need not draw at this time because the district court's order may readily be affirmed on other grounds. Insofar as Harris complains that the disclosure violated a rule of the Ohio state courts, the action is not cognizable under § 1983 because that statute provides a cause of action only for deprivations of a right or privilege secured by the federal Constitution or laws of the United States. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir.1995).
 
 
 8
 Moreover, it is well-settled that a state official sued in his official capacity may not be sued for monetary damages under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). If a plaintiff does not affirmatively plead the capacity in which he is suing a state defendant, the defendant will be considered as sued in his official capacity, and thus not subject to suit for monetary damages. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Harris did not state in his complaint the capacity in which he was suing Muchnicki. Therefore, as Harris sought monetary relief only, the complaint was properly dismissed pursuant to Will and Wells. See Pusey v. City of Youngstown, 11 F.3d 652, 657-58 (6th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994).
 
 
 9
 Accordingly, the district court's order, entered on March 1, 1996, is affirmed.