103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glen F. MULLINS, Plaintiff-Appellant,
v.
Barbara CRANSTON, Defendant-Appellee.
 No. 94-3221.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1996.
 
 Before: MARTIN, Chief Judge; ENGEL and COLE, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio state prisoner appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive, and declaratory relief, Glen F. Mullins sued a nurse/medical administrator employed at Ohio's Madison Correctional Institution (Barbara Cranston), for violating his Eighth Amendment right to adequate medical care. Mullins did not specify whether he was suing Cranston in her official or personal capacity. Mullins claimed that Cranston improperly changed his previously prescribed course of treatment for a dormant tuberculosis condition.
 
 
 3
 Cranston moved for summary judgment. Her motion was based on two grounds. First, Cranston averred that she did not make the decision to alter Mullins's course of treatment, but that the decision was made by a licensed physician who is not a party to this action. Second, Cranston moved for summary judgment because the decision to alter Mullins's course of treatment did not constitute deliberate indifference to his medical condition. Upon consideration of Cranston's motion for summary judgment and Mullins's response, the district court granted defendant Cranston's motion for summary judgment. Mullins appeals that judgment.
 
 
 4
 On appeal, Mullins reasserts that Cranston violated his Eighth Amendment rights by improperly changing his previously prescribed course of medical treatment.
 
 
 5
 Initially, we note that Mullins did not specify that he was suing the defendant in her individual capacity. State officials are not considered persons within the meaning of 42 U.S.C. § 1983 when sued in their official capacities for monetary damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). If a plaintiff does not affirmatively plead the capacity in which he is suing state defendants, they will be considered as sued in their official capacities, and thus not be considered subject to suit for monetary damages. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Nonetheless, such state defendants can be sued in their official capacities for injunctive and declaratory relief. See Will, 491 U.S. at 71 n. 10.
 
 
 6
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). Upon de novo review, we conclude that the district court properly granted summary judgment in favor of the defendant.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order dated February 9, 1994.