103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Najee As'ad NA'IM, Plaintiff-Appellant,
v.
Christine BRADLEY; Ricky Bell; Lannie Dedrick; Barbara
Wisherd; Bruce Hester, Defendants-Appellees.
 No. 96-5354.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1996.
 
 Before: WELLFORD, RYAN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Najee As'ad Na'im, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Na'im sued the Commissioner of the Tennessee Department of Corrections (Bradley) and four state prison officials (Bell, Dedrick, Wisherd and Hester) at the Turner Industrial Prison Farm without specifying capacity. In his original complaint, he asserted that: 1) the defendants did not provide legal training programs for the inmates; and 2) the defendants violated his right of access to the courts by not providing a constitutionally adequate prison law library. The magistrate judge recommended dismissing the first claim pursuant to § 1915(d) and permitting the second claim to proceed. After Na'im failed to file objections, the district court judge adopted the magistrate judge's recommendation and dismissed the first claim. Thereafter, Na'im filed a supplemental complaint and added a third and a fourth claim: 3) Wisherd and Dedrick retaliated against him for filing this lawsuit; and 4) Wisherd racially discriminated against him by denying him library services. Upon the magistrate judge's recommendation and over Na'im's objections, the district court sua sponte granted summary judgment in favor of the defendants on the remaining claims.
 
 
 3
 Na'im has filed a timely appeal and his brief is construed as raising his second, third and fourth claims.
 
 
 4
 Initially, we note Na'im does not raise his first issue on appeal. Issues raised in the district court, but not on appeal, are considered abandoned and are not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 Upon review, we conclude that the district court's judgment should be affirmed, but for reasons other than those stated by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994). This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc., 64 F.3d at 1019.
 
 
 6
 Na'im sued the defendants for monetary and equitable relief without specifying the capacity in which he sued them. Absent a specification of capacity, a state official will be construed to be sued in his official capacity. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). A state official is not subject to suit for monetary damages in his official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Therefore, the defendants are not subject to suit for monetary damages.
 
 
 7
 Furthermore, Na'im's complaint concerns conditions at Turner Industrial Prison Farm, rather than the Riverbend Maximum Security Institution where he is currently incarcerated. A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). Thus, the defendants also are not subject to suit for equitable relief, and the suit may not proceed.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.