103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Archie SHARP, Jr., Plaintiff-Appellant,
v.
Billy RAY, Defendant-Appellee.
 No. 96-1321.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: BROWN, GUY, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Archie Sharp, Jr., a pro se Michigan prisoner, appeals a district court judgment dismissing his suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Sharp sued the director of the Ohio Department of Rehabilitation and Correction, a prison warden, a prison inspector (Ray), the state treasurer, and an assistant attorney general, without specifying the capacity in which he sued them. Sharp asserted that: 1) the defendants had violated his right of access to the courts; and 2) the defendants had retaliated against him for exercising his right to redress grievances. As Sharp did not allege personal involvement by any defendant other than Ray, the district court dismissed the other defendants pursuant to 28 U.S.C. § 1915(d). Thereafter, upon consideration of the defendant's motion for summary judgment, the magistrate judge's report and recommendation, and Sharp's objections, the district court granted summary judgment in favor of the defendant.
 
 
 3
 In his timely appeal, Sharp reasserts his same claims and also argues that the "State Reimbursement Act" conflicts with the First Amendment.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendant. This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc., 64 F.3d at 1019.
 
 
 5
 Sharp sued the defendant for monetary and equitable relief without specifying the capacity in which he sued him. Absent a specification of capacity, a state official will be construed to be sued in his official capacity. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). A state official is not subject to suit for monetary damages in his official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Therefore, the defendant is not subject to suit for monetary damages.
 
 
 6
 The defendant is also not subject to suit for equitable relief. Sharp's complaint concerned events at Riverside Correctional Facility, rather than Carson City Temporary Facility where he is currently incarcerated. A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). As the defendant is not subject to suit for either monetary or equitable relief, the suit may not proceed. Consequently, neither Sharp's original claims nor his argument concerning the State Reimbursement Act will be considered.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.