110 F.3d 66
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur H. WIMBERLY, Plaintiff-Appellant,
v.
Livy LEAVELL, Jr., Defendant-Appellee.
 No. 96-5593.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Arthur H. Wimberly, a pro se Kentucky prisoner, appeals a district court judgment dismissing his prisoner civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Wimberly sued the jailer of the Christian County, Kentucky jail without specifying the capacity in which he sued the defendant. Wimberly asserted that the defendant subjected to him to cruel and unusual punishment by delaying medical treatment and by providing inadequate medical treatment. Upon review of the defendant's motion, the district court granted summary judgment in favor of the defendant.
 
 
 3
 In his timely appeal, Wimberly reasserts his same claims.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendant. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995).
 
 
 5
 Wimberly did not specify the capacity in which he sued the defendant, and thus, the defendant is deemed to be sued in his official capacity only. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). In an official capacity suit against a local governmental official, the real party in interest is not the named official, but the local governmental entity. Hafer v. Melo, 502 U.S. 21, 25 (1991). However, only an official with final policy-making authority can subject the government to § 1983 liability. City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988). The governmental entity will only be held liable for monetary damages if its policy or custom directly caused the alleged constitutional violation. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 691 (1978); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 889 (6th Cir.1993).
 
 
 6
 A Kentucky jailer does not have final policy-making authority sufficient to subject the government to § 1983 liability. Johnson v. Hardin County, Ky., 908 F.2d 1280, 1287 (6th Cir.1990). Instead, the governmental entity with final policy-making authority on the provision of medical care appears to be the fiscal court of the county. Id. Wimberly made no allegations whatsoever about the actions of anyone on the fiscal court. He did not contend that the fiscal court or any other governmental entity promulgated any policies on medical care resulting in the purported constitutional violations. Wimberly likewise did not contend that the delayed and inadequate treatment he allegedly experienced was part of a widespread practice so permanent and well-settled as to be a custom with the force of law. See Praprotnik, 485 U.S. at 127. Thus, no genuine issue of material fact exists as Wimberly did not show the alleged constitutional violations were the result of any governmental policy or custom.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.