Richard L. NORTHCOTT,
Plaintiff–Appellant,

v.

Shirley PLUNKETT, et al.,
Defendants–Appellees.

No. 02–5101.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

Richard L. Northcott, a Tennessee prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Northcott sued Tennessee Department of Correction (TDOC) Clerk Shirley Plunkett, TDOC Sentence Computation Manager Faye Claud, TDOC Legal Counsel W.G. Lutche, TDOC Commissioner Donal Campbell, John Randolph Miles, who represented the TDOC in a state court proceeding, and Chancellor Ellen Hobbs Lyle. Northcott alleged that the defendants violated his due process and equal protection rights when they refused to calculate his sentence credits under the law in effect at the time of his conviction. He did not state whether he was suing the defendants in their individual or official capacities. The district court granted Northcott in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(2). The court construed the complaint as brought against the defendants in their official capacities, and held that Northcott had not alleged the existence of any policy or custom that violated his constitutional rights. The court also denied Northcott's motion to alter or amend the judgment.

In his timely appeal, Northcott argues that his complaint adequately indicated that he intended to sue the defendants in their individual capacities.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court properly held that Northcott did not have a claim for monetary damages, but improperly dismissed Northcott's claim for injunctive relief. Although sovereign immunity bars a § 1983 suit for monetary damages against an official in his official capacity, a state defendant can be sued in his official capacity for injunctive and declaratory relief. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

■ The district court properly construed Northcott's claim for monetary damages as brought against the defendants in their official capacities. Absent a specification of capacity, it is presumed that a state official is sued in his official capacity. Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity. Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). A plaintiff suing a governmental entity must allege that the violation of his constitutional rights was the result of a government policy or the tolerance of a custom of such violations. City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne County, Tenn., 103 F.3d 495, 507–09 (6th Cir.1996).

Nothing about Northcott's complaint suggests that he sought to hold the defendants individually liable. Northcott brought suit to challenge the calculation of his sentence credits. He was convicted on July 16, 1981, of an offense he committed in 1978. Northcott alleged that he should have accumulated good conduct sentence credits under a law that became effective July 1, 1981, even though he waived application of the law in 1986. As relief, he sought an order requiring the defendants

to compute his sentence credits back to 1981, to allow him to rescind the waiver he signed, and to allow him to serve the remainder of his sentence under the 1981 sentence credit statute. He also requested the cost of his state and federal court litigation.

Neither Northcott's complaint nor the course of proceedings indicate that he was suing the defendants in their individual capacities. Northcott did not specify the capacity in which he sued the defendants, he requested principally injunctive relief, and there is nothing in the record to suggest that the defendants had actual knowledge of the potential for individual liability. *See Moore v. City of Harriman,* 272 F.3d 769, 772 (6th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 2586, —— L.Ed.2d —— (2002). Accordingly, the district court did not err when the court construed the complaint as being brought against the defendants in their official capacities.

We also agree with the district court that Northcott failed to state a claim for monetary damages against the defendants in their official capacities. Northcott did not identify any policy which was responsible for this treatment or allege that the defendants had a custom of treating prisoners in this fashion. *See Garner v. Memphis Police Dep't,* 8 F.3d 358, 363–64 (6th Cir.1993). Accordingly, he had no claim for monetary damages.

Finally, we conclude that the district court improperly dismissed Northcott's complaint to the extent that Northcott sought injunctive relief. *See Will,* 491 U.S. at 71 n. 10, 109 S.Ct. 2304. The district court should have permitted Northcott's requests for prospective relief to go forward. However, we express no opinion on the merits of Northcott's claims.

In sum, the district court properly dismissed Northcott's claim for monetary relief, but improperly dismissed his claim for injunctive relief. For the foregoing reasons, we affirm the district court's order in part and vacate and remand it in part. Rule 34(j)(2)(C), Rules of the Sixth Circuit.