Mack QUARRELS, Jr., Plaintiff–Appellant,

v.

PM GROUP, INCORPORATED, doing business as The Ponds at Georgetown; Jack Cassidy; Gretchen Lawrence; Tracey Terpining, Defendants–Appellees.

No. 02–1432.

United States Court of Appeals, Sixth Circuit.

March 13, 2003.

Before COLE, GILMAN, and BRIGHT,* Circuit Judges.

### ORDER

Pro se Michigan resident Mack Quarrels, Jr., appeals a district court judgment that dismissed his employment-discrimination suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Quarrels sued his former employer and employees of that company, claiming that he was fired because he is an African–American. In his complaint, Quarrels stated: "This complaint is filed under Title VII of the Civil Rights Act of 1964, as amended." Nevertheless, in an isolated reference at the beginning of his complaint, Quarrels also stated, *inter alia,* that his suit was "authorized under the Civil Rights Act, 42 U.S.C. [§§ ] 1981, 1982, and 1983."

In a thorough, eleven-page opinion and order, the district court dismissed Quarrels's suit. The court concluded that the Title VII portion of the suit was barred because Quarrels failed to file the action within ninety days of receipt of his right-to-sue letter. The court rejected Quarrels's claims under other statutory authori-

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

ty because it was apparent that the crux of Quarrels's suit sought relief under Title VII.

In his timely pro se appeal, Quarrels argues that the district court failed to liberally construe his complaint and improperly ignored the fact that he raised a claim under 42 U.S.C. § 1981. Both parties have filed briefs.

We review de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that Quarrels's contentions have merit. The general rule is that pro se pleadings are held to a less stringent standard than the formal pleadings drafted by a lawyer. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

We conclude that Quarrels's complaint meets the essential pleading requirements for bringing a claim under § 1981. The complaint requires neither a conjuring up of unpleaded allegations nor guessing at the nature of an argument. *Cf. Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). In addition, the course of the proceedings shows that the defendant was fully aware that Quarrels intended to assert a claim under § 1981. In *Moore v. City of Harriman,* 272 F.3d 769, 772–73 & n. 1 (6th Cir.2001) (en banc), we recently adopted the "course of the proceedings" test in a case concerning whether a plaintiff had sufficiently pleaded that a § 1983 defendant was sued in his individual capacity. In the course of these proceedings, the defendant responded to Quarrels's complaint by arguing against liability under § 1981 in the motion to dismiss. Although the defendants challenged the § 1981 claim on the mistaken notion that § 1981 applies to state actors only, *see St. Francis College v. Al–Khazraji,* 481 U.S. 604, 609,

107 S.Ct. 2022, 95 L.Ed.2d 582 (1987), the defendant was clearly on notice that a § 1981 claim was brought in the complaint.

The district court appears to have rejected Quarrels's claim of a violation of § 1981 solely on the basis of the complaint and without regard to the "course of the proceedings" test. For this reason, the district court's judgment is VACATED IN PART and the case is REMANDED IN PART for further consideration not inconsistent with this order. In all other respects, the district court's judgment is AFFIRMED for the reasons stated by that court in its opinion and order entered on March 15, 2002. Rule 34(j)(2)(C), Rules of the Sixth Circuit.